NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

---

|  |  |  |
|---|---|---|
| RICHARD P. MOOREHEAD, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 07-3104 (JAP) |
| | : | |
| NATIONAL UNION FIRE INSURANCE | : | |
| COMPANY OF PITTSBURGH, PA, | : | |
| GREGORY P. LUHN, COURTER, | : | |
| KOBERT, LAUFER, COHEN, P.C., and | : | **OPINION** |
| ABC INSURANCE COMPANY | : | |
| | : | |
| Defendants. | : | |

---

PISANO, District Judge.

Currently before the Court is a motion by Plaintiff Richard P. Moorehead to remand the action to the Superior Court of New Jersey, Law Division, Monmouth County, pursuant to 28 U.S.C. § 1447(c) based on a lack of jurisdiction under 28 U.S.C. § 1332. Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union") has opposed this motion and has also moved to dismiss Co-Defendants Gregory P. Luhn ("Luhn") and Courter, Kobert, Laufer, Cohen, P.C. ("the Courter Firm"), pursuant to Federal Rule of Civil Procedure 12(b)(6), based on Plaintiff's failure to state a claim against those Defendants upon which relief can be granted. For the reasons set forth herein, the Court denies Plaintiff's motion to remand and dismisses Defendants Luhn and the Courter Firm pursuant to Federal Rule of Civil Procedure 21.

1

Because the Court dismisses Luhn and the Courter Firm pursuant to Federal Rule of Civil Procedure 21, the Court denies National Union's motion to dismiss those parties.

**I.      BACKGROUND**

On March 26, 1998, Plaintiff brought a cause of action in the Superior Court of New Jersey, Law Division, Monmouth County against Luhn and the Courter Firm, alleging legal malpractice.  At that time, Luhn and the Courter Firm contracted for professional liability insurance with National Union.  While Plaintiff's action was pending, Luhn filed a Voluntary Petition in Bankruptcy in the United States Bankruptcy Court for the District of New Jersey, thereby staying Plaintiff's state action.  On January 13, 1999, the Bankruptcy Court entered a Consent Order vacating the stay on Plaintiff's action and ordering that Plaintiff dismiss all claims against Luhn for which Luhn was not covered by insurance.

On February 28, 2005, the Superior Court entered a judgment against Luhn and the Courter Firm due to their negligence in rendering professional legal services to Plaintiff. Specifically, the Superior Court found Luhn individually liable to Plaintiff for damages totaling $454,994.50, and Luhn and the Courter Firm jointly and severally liable to Plaintiff for damages totaling $369,789.92.  Subsequently, National Union, pursuant to its insurance policy with Luhn and the Courter Firm, satisfied that portion of the judgment for which the Courter Firm was liable.  However, National Union denied payment of the judgment entered against Luhn individually.

On May 23, 2007, Plaintiff filed the present complaint with the Superior Court of New Jersey, Law Division, Monmouth County, seeking to hold National Union liable for the unpaid

2

portion of the February 28, 2005 judgment entered against Luhn.  Plaintiff, a New Jersey

resident, named as Defendants, National Union, a Pennsylvania Corporation with its principal

place of business in New York, Luhn, a New Jersey resident, the Courter Firm, operating in New

Jersey, and ABC Insurance Company, a fictitious name.  Although asserting that he sought no

relief from Luhn or the Courter Firm, Plaintiff noted that he joined those defendants "to the

extent that their interests may be affected by the relief sought against other parties, and for

discovery."  (Pl.'s Cmpl. Ct. 1, ¶ 13).

On July 3, 2007, National Union, with the Courter Firm's consent, removed Plaintiff's

action to this Court pursuant to 28 U.S.C. § 1446, alleging that Plaintiff fraudulently named

nondiverse Defendants Luhn and the Courter Firm and that, thereby, this Court has jurisdiction

pursuant to 28 U.S.C. § 1332.  On his motion to remand, Plaintiff argues that he did not

fraudulently join Luhn and the Courter Firm as they are necessary parties to the action, which

requires an interpretation of their insurance policy with National Union.  In opposition, National

Union contends that Luhn and the Courter Firm cannot be parties to the action because Plaintiff

has raised no cognizable claim against them.  For that reason, National Union has moved to

dismiss Defendants Luhn and the Courter Firm pursuant to Federal Rule of Civil Procedure

12(b)(6).

## II.    DISCUSSION

A state action is properly removed to the federal district court where the district court has

jurisdiction over the case.  28 U.S.C. § 1441(a).  "For a removal predicated upon diversity of

citizenship, a proper exercise of federal jurisdiction requires satisfaction of the amount in

controversy requirement as well as complete diversity between the parties, that is, every plaintiff must be of diverse state citizenship from every defendant." In re Briscoe, 448 F.3d 201, 215 (3d Cir. 2006). Moreover, "[f]or purposes of removal . . ., the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a). Although the parties agree that the action meets the amount in controversy requirement, the parties disagree as to whether complete diversity exists. Because Plaintiff is a New Jersey resident, his citizenship is not diverse from Defendants Luhn and the Courter Firm. In National Union's view, the Court should disregard the citizenship of those nondiverse Defendants because Plaintiff fraudulently joined them.

Fraudulent joinder is one exception to the complete diversity requirement, whereby a diverse defendant "may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." Briscoe, supra, 448 F.3d at 215-16. Fraudulent joinder exists if "'there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'" Id. at 216 (quoting Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 32 (3d Cir. 1985)). If the Court finds that a plaintiff fraudulently joined nondiverse defendants, the Court may "'disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.'" Ibid. (quoting Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999)).

Although conceding that he has no cause of action against Luhn and the Courter Firm, Plaintiff asserts that he properly joined these Defendants under New Jersey law because, as

4

parties to the insurance policy at issue, they are indispensable.  According to Plaintiff, Luhn and

the Courter Firm have an interest in the subject matter of this action because it requires an

interpretation of the contract to which they were parties.

Under New Jersey law, "[a] party is indispensable if it has an interest 'inevitably involved

in the subject matter before the court and a judgment cannot justly be made between the litigants

without either adjudging or necessarily affecting the absentee's interest.'"  Bruno v. Mark

MaGrann Assocs., 388 N.J. Super. 539, 547 (App. Div. 2006) (quoting Allen B. Du Mont Labs.,

Inc. v. Marcalus Mfg. Co., 30 N.J. 290, 298 (1959)); N.J. Rules of Court 4:28-1.  Based on that

analysis, a party to a contract in issue in a cause of action may be an indispensable party because

"[a] contract may not be construed in the absence of a party thereto."  Garnick v. Serewitch, 39

N.J. Super. 486, 499 (Ch. 1956).  However, "[w]hether a party is indispensable is a fact-sensitive

issue." Toll Bros., Inc. v. West Windsor, 334 N.J. Super. 77, 90 (App. Div. 2000), certif. denied,

168 N.J. 295 (2001).  As a result, a court must consider whether the party "has an interest

inevitably involved in the subject matter before the court and [whether a] judgment can[] justly

be made between the litigants without either adjudging or necessarily affecting the absentee's

interest.'"  Chubb Custom Ins. Co. v. Prudential Ins. Co. of Am., 394 N.J. Super. 71, 82 (App.

Div. 2007) (quoting Jennings v. M&M Transp. Co., 104 N.J. Super. 265, 272 (Ch. Div. 1969)).

Following those guidelines, the Court finds that Luhn and the Courter Firm do not have

an interest in Plaintiff's action against National Union and cannot be deemed indispensable

parties.  First, pursuant to the Consent Order entered in the Bankruptcy Court, Plaintiff cannot

hold Luhn liable for any portion of the judgment that is not covered by the policy issued by

National Union.  Therefore, by virtue of that Consent Order, a judgment as to National Union's obligations under the insurance policy cannot, and will not, affect any of Luhn's interests. Second, the Courter Firm does not have an interest in the present action, where the issue involves the extent to which the insurance policy requires National Union to provide coverage for Luhn's individual actions.  In the event that the policy does not provide such coverage, the Courter Firm cannot be liable for the unpaid portion of the February 28, 2005 judgment because the State courts have already adjudicated that issue.  <u>Moorehead v. Luhn</u>, No. A-3829-04 (App. Div. Jan. 22, 2007) (<u>per curiam</u>).  Moreover, the Court rejects Plaintiff's claim that the Courter Firm is an indispensable party on the basis that the result of this action may affect the firm's insurability.

Because Plaintiff has not raised any claims against Luhn and the Courter Firm, who cannot be deemed indispensable parties, the Court holds that Plaintiff fraudulently joined these nondiverse defendants.  Applying the doctrine of fraudulent joinder, the Court finds that Plaintiff has "no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." <u>Briscoe</u>, <u>supra</u>, 448 F.3d at 216.  As a result, the Court will disregard the citizenship of Luhn and the Courter Firm for purposes of determining the Court's jurisdiction under 28 U.S.C. § 1332.  Moreover, the Court dismisses Luhn and the Courter Firm from the present action pursuant to Federal Rule of Civil Procedure 21.  Fed. R. Civ. P. 21 ("Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."); <u>Briscoe</u>, <u>supra</u>, 448 F.3d at 216 ("If the district court determines that the joinder was 'fraudulent' in this sense, the court can 'disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over

6

a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.'" (quoting <u>Mayes</u>, <u>supra</u>, 198 F.3d at 461)).

In addition, this Court rejects Plaintiff's argument that Defendant National Union must be deemed a citizen of New Jersey pursuant to 28 U.S.C. § 1332(c)(1), thereby destroying diversity. Section 1332(c)(1) requires that, "in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business[.]"  28 U.S.C. § 1332(c)(1).  If that statute applied in this instance, then the Court would deem, for jurisdictional purposes, National Union a citizen of New Jersey, Pennsylvania, and New York.  However, to trigger the application of § 1332(c)(1), Plaintiff must bring a "direct action against the insurer[,]" National Union.  Within the meaning of the statute, the term "direct action" includes "those cases in which a party suffering injuries or damages for which another is legally responsible is entitled to bring suit against the other's liability insurance without joining the insured or first obtaining a judgment against him."  <u>State Farm Ins. Co. v. Evans</u>, 712 F.Supp. 57, 58 (E.D. Pa. 1989); <u>see</u> <u>also</u> <u>McGlinchey v. Hartford Acc. and Indem. Co.</u>, 866 F.2d 651, 653 (3d Cir. 1989).  The Court finds that the present action is not a "direct action" within the meaning of 28 U.S.C. § 1332(c)(1) because Plaintiff has already obtained a judgment against the insured parties, Luhn and the Courter Firm, and is seeking an enforcement of that judgment here.  Therefore, the Court holds that jurisdiction is met under the requirements of 28 U.S.C. § 1332 and that National Union

7

properly removed the action to this Court.  28 U.S.C. § 1441(a).

In respect of Defendant National Union's motion to dismiss Luhn and the Courter Firm pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court denies the motion as moot because the Court dismisses Luhn and the Courter Firm pursuant to Federal Rule of Civil Procedure 21.

### III.    CONCLUSION

In conclusion, Plaintiff fraudulently joined Defendants Luhn and the Courter Firm and, thus, this Court disregards their citizenship for purposes of determining jurisdiction pursuant to 28 U.S.C. § 1332, dismisses those Defendants, and retains jurisdiction over this action. Accordingly, the Court denies Plaintiff's motion to remand to the New Jersey Superior Court and denies Defendant National Union's motion to dismiss Defendants Luhn and the Courter Firm. An appropriate order accompanies this opinion.


                                        /s/ JOEL A. PISANO
_____       Joel A. Pisano
                                        United States District Judge


Dated: September 24, 2007